# No. 24-1036

## In the United States Court of Appeals For the Federal Circuit

MHL CUSTOM, INC.,

*Plaintiff - Appellee*

v.

WAYDOO USA, INC., SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD.,

*Defendants - Appellants*

On Appeal from the United States District Court for the District of Delaware (Hon. Richard G. Andrews, presiding)
Case No. 1:20-cv-00430

## MOTION TO DISMISS APPEAL

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>John V. Gorman<br>Amy M. Dudash<br>1201 N. Market Street, Suite 2201<br>Wilmington, DE 19801<br>(215) 963-5000 | MORGAN, LEWIS & BOCKIUS LLP<br>Julie S. Goldemberg<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5095 |

*Counsel for Appellants*

# CERTIFICATE OF INTEREST

**Case Number**    24-1036

**Short Case Caption**    *MHL Custom, Inc. v. Waydoo USA, Inc.*

**Filing Party/Entity**    Appellants Shenzhen Waydoo Intelligence Technology Co., Ltd. and Waydoo USA, Inc.

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

/s/ *Julie S. Goldemberg*
Julie S. Goldemberg
*Counsel for Appellants Shenzhen Waydoo Intelligence Technology Co., Ltd. and Waydoo USA, Inc.*

Dated: February 9, 2024

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Shenzhen Waydoo Intelligence Technology Co., Ltd. | | SZ DJI Technology Co. Ltd. (partial owner of Shenzhen Waydoo) |

|  |  | Joy Surf Ltd. (partial owner of Shenzhen Waydoo) |
|---|---|---|
| Waydoo USA, Inc. (dissolved) |  |  |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

| Mark Basanta (Haug Partners LLP) | Dorronda R. Bordley (Richards, Layton & Finger, P.A.) |  |
|---|---|---|
| Patrick J. Lavery (Haug Partners LLP) | Kelly E. Farnan (Richards, Layton & Finger, P.A.) |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (See separate notice at dkt. 15)   ☐ No   ☐ N/A (amicus/movant)

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable

# MOTION TO DISMISS APPEAL

Appellants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively, "Waydoo") respectfully move to dismiss its appeal in the above-captioned case because the notice of appeal was filed prematurely, the district court never entered final judgment, and therefore this Court lacks jurisdiction under 28 USC § 1292(c)(2). Once the district court enters final judgment, Waydoo plans to file a new notice of appeal, and that appeal can proceed in its normal course. Appellee MHL Custom, Inc. ("MHL") opposes the motion and has indicated it will file a response.

## I. PROCEDURAL HISTORY

On January 27, 2021, MHL filed a complaint for patent infringement in the District of Delaware. *See MHL Custom, Inc. v. Waydoo USA, Inc. et al,* No. 1-21-cv-00091 (D. Del.). The case proceeded to trial, and on April 12, 2023, the district court entered judgment on the jury verdict that Waydoo infringed valid and enforceable claims of two U.S. Patents and that MHL was entitled to damages in the about of $1,334,000 at a royalty rate of $500 per unit sold. *Id.* at Dkt. 226.

The parties then engaged in post-trial briefing. On September 6, 2023, the district court denied Waydoo's renewed motion for judgment as a matter of law and motion for a new trial. *Id.* at Dkt. 257. One day later, on September 7, 2023, the district court denied MHL's motion for a permanent injunction, motion for

1

enhanced damages, and motion for attorney fees. *Id.* at Dkt. 259. The district court granted MHL's motion for accounting and supplemental damages, pre- and post-judgment interest, and denied without prejudice MHL's motion for an ongoing royalty. *Id.* Specifically, the district court found the ongoing royalty issue was not ripe prior to its denial of the motion for a permanent injunction, and neither party sufficiently addressed the issue in its briefing, so "a prudent course of action is to first let the parties attempt to negotiate an ongoing royalty rate, and then the district court can weigh in if necessary." *Id.* at 13. "Therefore, I will dismiss MHL's motion for ongoing royalties without prejudice. . . . If the parties are unable to come to an agreement, MHL is free to file another motion for ongoing royalties." *Id.*

On October 5, 2023, Waydoo filed a notice of appeal that was docketed as this case. *Id.* at Dkt. 262. Waydoo's prior counsel filed the required forms at this Court and requested an extension to file the opening brief until January 19, 2024. No. 24-1036 at Dkts. 12-13. However, on January 3, 2024, Waydoo's prior counsel moved to withdraw their appearances. Dkt. 21. This Court stayed the briefing schedule, Dkt. 22, and on January 18, 2024, granted the motion to withdraw and gave Waydoo 60 days to find new counsel, Dkt. 25.

Waydoo retained the undersigned counsel, who reviewed the district court docket and realized there is currently no jurisdiction for this Court to hear Waydoo's appeal because the ongoing royalty issue was never decided.

On February 2, 2024, undersigned counsel informed MHL's counsel about the jurisdictional defect and requested MHL's position on Waydoo's intended motion to dismiss. MHL responded on February 9, 2024, that it plans to oppose and will file a response.

The parties are actively engaging in negotiations for an ongoing royalty. They will either reach an agreement, or they will engage in further motion practice. Either way, after the district court resolves the ongoing royalty issue, Waydoo plans to file a new notice of appeal. That new appeal's notice should control. Therefore, Waydoo files the instant motion to dismiss this appeal.

## II. ARGUMENT

This Court has jurisdiction only over a "final decision of a district court." 28 U.S.C. § 1295(a)(1). 28 U.S.C. § 1292(c)(2) grants this Court jurisdiction over patent appeals that are "final except for an accounting." This Court has previously ruled that the accounting exception to § 1295(a)(1) does not apply in cases like this one because "[a]n ongoing royalty is inherently prospective and therefore equitable in character." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, No. 2016-2556, 2016 WL 11726241, at *1 (Fed. Cir. 2016). Indeed, in *Arctic Cat* this Court

considered the exact issue that is present here and unambiguously held that "section 1292(c) accounting [does not] include[] determinations of prospective equitable relief such as decisions as to ongoing royalties." *Id.* ("[T]his case is not 'final' for purposes of section 1292(c)(2) until the district court renders a final determination on the ongoing royalties issue."). The Court dismissed the appeals at issue in *Artic Cat*. *Id.* at *2.

There is no principled way to distinguish this case's jurisdictional issue with that from *Artic Cat*. As in *Artic Cat*, this Court should dismiss Waydoo's appeal for lack of jurisdiction.

## CONCLUSION & PRAYER

For the foregoing reasons, Waydoo respectfully requests this Court dismiss Appeal No. 24-1036. Waydoo may proceed with a new appeal when Waydoo properly files a new notice pursuant to 28 U.S.C. § 2107 after the district court enters final judgment.

Dated: February 9, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Julie S. Goldemberg*

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>John V. Gorman<br>Amy M. Dudash<br>1201 N. Market Street, Suite 2201 | MORGAN, LEWIS & BOCKIUS LLP<br>Julie S. Goldemberg<br>2222 Market Street<br>Philadelphia, PA 19103 |

4

Wilmington, DE 19801  (215) 963-5095
(215) 963-5000

***Counsel for Appellants Shenzhen Waydoo Intelligence Technology Co., Ltd.
and Waydoo USA, Inc.***

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

1.  This motion complies with the type-volume limitations of the Federal Rules and Federal Circuit Rules because this opposition contains 831 words.

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this opposition has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

*/s/ Julie S. Goldemberg*
Julie S. Goldemberg
*Counsel for Appellants Shenzhen Waydoo Intelligence Technology Co., Ltd. and Waydoo USA, Inc.*

Dated: February 9, 2024