---

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

## MHL CUSTOM, INC.,
Plaintiff/Appellee

v.

## WAYDOO USA, INC., SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD,
Defendants/Appellants

**Appeal from the United States District Court for the District of Delaware; Case No. 1:21-CV-00091, Hon. Richard G. Andrews**

---

## APPELLEE'S RESPONSE TO APPELLANTS' MOTION TO DISMISS THE APPEAL FOR LACK OF JURISDICTION

---

Robert J. Theuerkauf
Dennis D. Murrell
Brian P. McGraw
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, #201
Louisville, KY 40207
rjt@grayice.com
dmurrell@grayice.com
bmcgraw@grayice.com

*Counsel for Appellee MHL Custom, Inc.*

**Dated: February 20, 2024**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 24-1036

**Short Case Caption** MHL Custom, Inc. v. Waydoo USA, Inc.

**Filing Party/Entity** Appellee/MHL Custom, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/20/2024

Signature: s/Brian McGraw

Name: Brian P. McGraw

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| MHL Custom, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable           ☐    Additional pages attached

| | | |
|---|---|---|
| Blake Bennett | Andrew Ralli | Cooch & Taylor, PA |
| Megan Gibson | Gray Ice Higdon PLLC | |
| Daniel W. Redding | Middleton Reutlinger PSC | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)    ☒   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☐    None/Not Applicable           ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## APPELLEE'S RESPONSE TO APPELLANTS' MOTION
## TO DISMISS THE APPEAL

Appellee, MHL Custom, Inc. ("MHL"), submits this Response to the Motion to Dismiss ("Motion") (Document 27), filed by Appellants, Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively "Appellants").

In support of their Motion, Appellants argue that this Court lacks jurisdiction under 28 U.S.C. § 1292(c)(2), because the notice of appeal was filed prematurely. Appellants contend that the District Court's April 12 Judgment (DN 226) was not a final and appealable judgment since, according to Appellants, "the ongoing royalty issue was never decided." *See* Document 27, p. 6.

However, the District Court did in fact decide whether Appellee was entitled to ongoing royalties for Appellants' infringement by <u>denying</u> Appellee's post-trial motion, albeit without prejudice. *See* DN 259, p. 13. While the District Court encouraged the parties to work together to negotiate an ongoing royalty without the need for court intervention, the District Court's denial of the motion serves as a final and appealable determination for purposes of appeal. In other words, given the District Court's denial of MHL's motion for ongoing royalties, there are/were no issues left for the district court to decide (other than "accounting" issues) unless MHL were to file a new motion for ongoing royalties. And, as of this filing, there is no need for MHL to file such a motion as the parties have agreed to an ongoing royalty rate of $500 per infringing unit sold. *See* Joint Status Report, DN 285. There

is nothing left for the District Court to decide with respect to ongoing royalties. Thus, Appellants' argument that the April 12 Judgment is/was not final for purposes of this appeal is incorrect.

This is the case despite the ruling from this Court in *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc*., No. 2016-2556, 2016 WL 11726241 (Fed. Cir. 2016), as well as the rulings in similar cases such as *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc*., 346 F. App'x 580, 581 (Fed. Cir. 2009), and *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 F. App'x 882, 882 (Fed. Cir. 2012). Indeed, unlike the present case, the district court in *Arctic Cat* granted the plaintiff's motion for ongoing royalties, deferred ruling as to the amount of the ongoing royalties, and then ordered the parties to attempt to negotiate that amount. *Arctic Cat*, 2016 WL 11726241, *1 (emphasis added). Under the *Arctic Cat* scenario, the judgment was not final because the lower court still had to rule on the amount of ongoing royalties to be awarded. Similarly, the district court in *Bard* denied the plaintiff's motion for permanent injunction, instead granting plaintiff's alternative motion for a compulsory license which included an ongoing royalty. *Bard*, 346 F. App'x at 581. Because proceedings were still pending in the district court to determine the particulars of the awarded license, this Court held that the appeal was premature. *Id*. And finally, in *Warsaw*, the district court granted plaintiff's motion for ongoing royalties but had not yet determined the amount of those royalties when

the notice of appeal was filed. *Warsaw*, 515 F. App'x at 882. The parties in *Warsaw* submitted separate briefing on their respective arguments as to the proper amount of those royalties and proceedings were still pending to set that amount in the district court. *See* generally, docket for Case No. 3:08-CV-01512, U.S. District Court for the Southern District of California, and specifically docket numbers 401, 460, 462, and 463. The common thread in all of these cases was the lower court *granting* the respective motions for either ongoing royalties or an ongoing license relationship but not issuing a ruling as to the amount of those royalties. As a result, there were still substantive issues remaining to be addressed in the lower court beyond simply an "accounting" of damages.[1]

That is not the case here as, again, the district court *denied* MHL's motion for ongoing damages. And even though the Court encouraged the parties to work together to negotiate an ongoing royalty amount, there were no open proceedings in the district court to effectively determine that amount. The April 12 Judgment was final and appealable, and Appellants were timely in filing their notice of appeal.

---

[1] *Cf., Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, 612 F.3d 1365, 95 U.S.P.Q.2d 1673 (Fed. Cir. 2010) (considering appeal of liability issues even though the district court had ordered the parties to attempt to negotiate an ongoing royalty rate, and instructing that the parties would be able to later appeal a royalty rate set by the district court if the parties did not reach an agreement and remanding to the district court so that the parties could complete the royalty negotiation process).

When the notice of appeal was filed, there were no outstanding issues pending before the district court.

Moreover, even if the Court were to agree with Appellants that the appeal was filed prematurely in light of the ongoing royalty issue, the present appeal would still be proper under Federal Rule of Appellate Procedure 4(a)(2) in that the rule provides that a "notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." That is, since the parties have now agreed to an ongoing royalty rate and are set to memorialize that agreement through a stipulation to be approved by the district court, jurisdiction would be proper here under Rule 4 because the notice of appeal was filed after the April 12 Judgment (announced decision or order) and before the entry of judgment (assuming a stipulation as to ongoing royalties was considered the final and appealable order on ongoing royalties).

Either way, there is jurisdiction for this appeal under 28 U.S.C. § 1292(c)(2) and there is no just reason to dismiss this appeal and further delay these proceedings.

For the reasons discussed herein, Appellants' motion should be denied and the appeal should continue.

Dated: February 20, 2024

Respectfully submitted,

*s/Brian McGraw*

_____

Robert J. Theuerkauf
Dennis D. Murrell
Brian P. McGraw
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, #201
Louisville, KY 40207
rjt@grayice.com
dmurrell@grayice.com
bmcgraw@grayice.com

*Counsel for Appellee MHL Custom, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*s/ Brian McGraw*
_____
ATTORNEY FOR APPELLEE
MHL CUSTOM, INC.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2024-1036

**Short Case Caption:** MHL Custom, Inc. v. Waydoo USA, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 997 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 02/20/2024

Signature: s/Brian McGraw/

Name: Brian McGraw

Save for Filing